UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FELIPE MULERO, | : | 3:10cv1328 (WWE) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD BLUMENTHAL, | : | |
|     Defendant. | : | |

## RULING ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Felipe Mulero has filed the instant action pro se against Richard Blumenthal, the former Attorney General of the State of Connecticut. Plaintiff does not specify his cause of action but he appears to challenge defendant's involvement in his conviction for forgery and various legal actions at the Commission on Human Rights and Opportunity and federal court concerning his dismissal as a vocational educator and the revocation of his teaching certificate. Plaintiff states that he is "suing for $1,000,000."

Defendant has filed a motion to dismiss this action on the basis of failure to state a claim and absolute immunity.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the

1

pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct.  Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009).

Where a plaintiff is appearing pro se, the complaint must be liberally construed in the plaintiff's favor and must be held to less stringent standards than formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  However, the court's focus remains on whether the complaint states any valid ground for relief.  Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993).

Here, plaintiff's suit for money damages against defendant in his official capacity is barred by the Eleventh Amendment.  See Edelman v. Jordan, 415 U.S. 651, 662-663 (1974); Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993).  Absent a waiver of Eleventh Amendment immunity, the Eleventh Amendment bars claims for damages brought against state employees sued in their official capacities when the state is the real party in interest.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102 (1984).  Here, there is no assertion that Connecticut or Attorney General Blumenthal has waived Eleventh Amendment immunity from suits such as the instant one.

Defendant is also absolutely immune from suit in his individual or personal capacity in a suit challenging the constitutionality of his action.  As the Connecticut Attorney General, defendant served as legal counsel for the State, its agencies and

officials. Conn. Gen. Stat. §3-125. Absolute immunity has been afforded to government officials for all activities associated with litigation or potential litigation. Barrett v. United States, 798 F.2d 565, 571-72 (2d Cir. 1986). "Government attorneys are entitled to absolute immunity when they function within the confines of their role as advocates of the government in activities or functions that are intimately or integrally associated with the judicial (or administrative) process." Mangiafico v. Blumenthal, 358 F. Supp. 2d 6, 19 (D. Conn. 2005). The allegations of plaintiff's complaint describe defendant's role as an advocate of the government associated with the judicial or administrative process. Accordingly, absolute immunity bars plaintiff's suit. The motion to dismiss will be granted.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is GRANTED [doc. #13].

The Clerk of the Court is instructed to enter judgment in favor of defendant and to close this case.

_____/s/_____
Warren W. Eginton
Senior U.S. District Judge

Dated at Bridgeport, Connecticut this _28th__ day of March 2011.